UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ADIRONDACK MEDICAL CENTER, *et al.*, | ) ) ) ) |  |
| Plaintiffs, | ) ) |  |
| v. | ) ) | Civil Action No. 11-313 (RMC) |
| KATHLEEN SEBELIUS, Secretary, Department of Health and Human Services, | ) ) ) ) ) |  |
| Defendant. | ) ) |  |

MEMORANDUM OPINION

Plaintiff Hospitals challenge the Secretary of Health and Human Services' calculation of hospital-specific Medicare payment rates after January 1, 2009. The Secretary moves to dismiss and remand, arguing that the case is not in a proper procedural posture for this Court's review. The motion will be denied as the course suggested by the Secretary will waste administrative and court resources.

The payment calculations that are the subject of this suit are part of Medicare's Inpatient Prospective Payment System, through which the Secretary sets Medicare payment rates in advance. The rates govern hospital reimbursements for inpatient operating costs in any given fiscal year. *See* 42 U.S.C. §§ 1395 *et seq*. Challenges to hospital payments are channeled through the Provider Reimbursement Review Board ("PRRB"). *See id*. § 1395oo; 42 C.F.R. §§ 405.1801-.1871. When a payment is challenged, PRRB determines whether it has jurisdiction, *see* 42 C.F.R. § 405.1840, and if so, proceeds to the merits of the claim. *Id*.

§ 405.1843-.1871.  Within 60 days, a PRRB decision is subject to review by the CMS[1] Administrator; if the Administrator takes no action or declines to review the decision, PRRB's decision stands as the final agency action.  42 U.S.C. § 1395oo(f)(1); 42 C.F.R. §§ 405.1875(a)(2), .1877(a)(2), (3).

Instead of making a finding on the merits, PRRB may determine that it lacks authority to decide the underlying question of law and expedited judicial review ("EJR") is appropriate.  42 U.S.C. § 1395oo(f)(1); 42 C.F.R. §§ 405.1842(a).  An EJR determination is a final decision not subject to review by the Secretary, but instead judicial review is available.  42 U.S.C. § 1395oo(f)(1); 42 C.F.R. §§ 405.1842(a).

Here, Plaintiffs are Medicare-participating hospitals who filed a challenge to payment rates with PRRB and sought EJR.  On December 9, 2010, PRRB determined that it lacked jurisdiction over Plaintiffs' appeals.  Def.'s Mot. to Dismiss and Remand [Dkt. # 8] ("Def.'s Mot."), Ex. A ("PRRB Decision") at 3.  Anticipating that its jurisdictional decision would be reversed, PRRB ruled in the alternative that if it did have jurisdiction, it lacked authority to decide the underlying legal question and EJR was appropriate.  *Id*., PRRB Decision at 7-8.

PRRB predicted that its jurisdictional decision would be reversed because, at least since 2008, the Secretary has maintained that PRRB's interpretation of 42 C.F.R. § 405.1804 as precluding jurisdiction is in error.  *See Cape Cod Hosp. v. Leavitt*, 565 F. Supp. 2d 137, 139 (D.D.C. 2008) (granting Secretary's motion to dismiss and remand; Secretary declined to defend

---

[1] "CMS" is the Centers for Medicare & Medicaid Services, an operating component of the Department of Health and Human Services.

PRRB's decision regarding jurisdiction). After *Cape Cod*, the Administrator has repeatedly reversed jurisdictional dismissals by PRRB. *See* Compl. [Dkt. #1] ¶ 110, *Armstrong Cty. Mem'l Hosp. v. Sebelius*, Civ. No. 11-565 (RCL) (filed Mar. 18, 2011); Compl. [Dkt. #1] ¶ 108, *Banner Baywood Heart Hosp. v. Sebelius*, Civ. No. 10-1799 (RCL) (D.D.C.) (filed Oct. 25, 2010); Am. Compl. [Dkt. #6] ¶ 109, *Highland Hosp. v. Sebelius*, Civ. No. 10-1064 (RCL) (D.D.C.) (filed Aug. 10, 2010).

In this case, PRRB's decision stands as the final decision of the agency because the CMS Administrator did not take any action on the decision within 60 days. The Secretary now indicates that "the PRRB's jurisdictional decision is in error and [the Secretary] does not wish to defend that decision in this case." Def.'s Mot. at 6. Plaintiff Hospitals agree that PRRB erred in finding it lacked jurisdiction. The Secretary seeks dismissal and remand to permit the Secretary (via the CMS Administrator) to reverse PRRB's decision that it lacked jurisdiction. The Secretary already had the opportunity to reverse PRRB's decision, but failed to do so within the 60-day time period. The process that the Secretary suggests is unnecessary, time-consuming, and inefficient. It would merely serve to delay the resolution of this case on the merits. PRRB's decision constitutes final agency action, and it is properly before this Court.

The Secretary contends that this case is analogous to *Cape Cod* and should similarly be subject to dismissal and remand. In *Cape Cod*, the district court reviewed a PRRB decision that it lacked jurisdiction to consider Medicare providers' administrative appeals. The Administrator failed to take action within the 60-day window for review. After the 60-day period had expired, the Secretary determined that PRRB's jurisdictional determination was incorrect. 565 F. Supp. 2d at 140. The Secretary moved for dismissal and remand, and the district court

granted the motion, concluding that PRRB "must be afforded an opportunity to consider the merits of plaintiff's claims before the substantive issues may be properly before this Court." *Id*. at 141.

It is true that this case is like *Cape Cod* in that PRRB decided it lacked jurisdiction, the Administrator failed to take action within the 60-day time period, and the Secretary subsequently decided that it wanted to reverse PRRB. But PRRB's decision in this case is critically different. Here, PRRB decided in the alternative and "in the interest of judicial economy" that, if it had jurisdiction (fully expecting that the Secretary would reverse its jurisdictional determination), it lacked authority to decide the underlying issue of law and EJR was required. PRRB Decision at 8. Unlike *Cape Cod*, here there is no need to provide PRRB the opportunity to address the substantive issues. PRRB already did so and found that EJR was required. Dismissal and remand will be denied, as this Court cannot countenance the squandering of adjudicative resources that would result from the procedure suggested by the Secretary.

The Court will deny the Secretary's Motion to Dismiss and Remand [Dkt. # 8]. The parties shall file a joint proposed dispositive motion briefing schedule no later than February 22, 2012. A memorializing Order accompanies this Memorandum Opinion.


Date: January 31, 2012                              /s/
                                    ROSEMARY M. COLLYER
                                    United States District Judge